United States District Court
Southern District of Texas
**ENTERED**
April 24, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA CAO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0321 |
| | § | |
| BSI FINANCIAL SERVICES, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's application for a temporary injunction (Doc. 1-4 in 4:19-cv-00769). The court has considered the application, the hearing testimony, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's application be **DENIED**.

**I.  Case Background**

Plaintiff filed this lawsuit to prevent MTGLQ Investors, L.P. ("MTGLQ") and Selene Financing LP ("Selene") (the "Foreclosure Defendants") from foreclosing on her property located at 4003 Feagan Street, Unit One, Houston, Texas (the "Property").

**A.   Factual Background**

On January 1, 2007, Plaintiff purchased the Property from

---

[1]   This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 6, Ord. Dated Feb. 16, 2017.

Countrywide Home Loans Inc.[2]  Plaintiff paid a $60,000 down payment and entered into a $240,000 mortgage loan ("the Loan") with New Century Mortgage Corporation ("NCMC").[3]  A deed of trust ("the Deed of Trust") naming Eldon L. Youngblood as trustee and in favor of NCMC secured the Loan.[4]  On February 8, 2007, the property was conveyed through a special warranty deed (the "Deed") from the "Bank of New York as Trustee for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-4", to Plaintiff.[5]

The Loan and the Deed of Trust have been transferred multiple times since their creation.[6]  The first transaction involving the Foreclosure Defendants occurred on June 29, 2018, when the Loan was sold to MTGLQ.[7]  Plaintiff received notice of the sale on July 26, 2018.[8]  On August 2, 2018, servicing of the Loan was transferred to

---

[2]  See Doc. 52-1, Ex. C to Defs.' Mot. for Summ. J. The Property Sale Contract.

[3]  See id. p. 1; Doc. 58-1, Ex. A to Pl.'s Resp. to Defs.' Mot. for Summ. J. p. 2 of 42 (Mortgage Loan).  Due to the style of Plaintiff's exhibits, when citing to Plaintiff's documents, the court will pincite to the pagination as it appears in the top right corner of each ECF document, not the page number within each exhibit.

[4]  See Doc. 58-1, Ex. B to Pl.'s Resp. to Defs.' Mot. for Summ. J. pp. 6-22 of 42 (Deed of Trust).

[5]  See Doc. 52-1, Ex. D to Defs.' Mot. for Summ. J., Special Warranty Deed.

[6]  See Doc. 58, Pl.'s Resp. to Defs.' Mot. for Summ. J. pp. 4-18.

[7]  See Doc. 58-1, Ex. C to Pl.'s Resp. to Defs.' Mot. for Summ. J. p. 38 of 42 (Notice of Sale to MTGLQ).

[8]  See id.

Selene.[9]  On September 6, 2018, the owner of the Loan prior to MTGLQ filed a notice of rescission of acceleration.[10]  On September 27, 2018, Selene sent Plaintiff a notice of default and intent to accelerate stating that she must pay $253,127.92 to cure her default, which included $1,110.17 in late charges and $21,184.17 in "Corporate Advance Balance."[11]  On January 7, 2019, the Deed of Trust was assigned to MTGLQ.[12]

Plaintiff has provided limited evidence of what has occurred since Selene sent Plaintiff the notice of intent to accelerate.  It is the court's understanding that the parties have been unable to come to an agreement and that MTGLQ has accelerated the balance of the Loan and scheduled the Property for foreclosure in early May.  Plaintiff last attempted to make a payment on February 11, 2013, and the payment was rejected two days later.[13]

**B.   Procedural Background**

The present lawsuit is a result of the consolidation of two lawsuits filed by Plaintiff.  The first lawsuit was filed on

---

[9] See Doc. 52-1, Ex. J to Defs.' Mot. for Summ. J. p. 99 of 113 (Notice of Servicing Transfer).

[10] See Doc. 1-4 in 4:19-cv-00769, Ex. 5 to Pl.'s Orig. Pet. p. 38 of 53 (Notice of Rescission of Acceleration).

[11] See Doc. 1-4 in 4:19-cv-00769, Ex. 6 to Pl.'s Orig. Pet. p. 40 of 53 (Sept. 27, 2018 Notice of Default and Intent to Accelerate).

[12] See Doc. 1-4 in 4:19-cv-00769, Ex. 9 to Pl.'s Orig. Pet. p. 48 of 53 (Jan. 7, 2019 Assignment of the Deed of Trust).

[13] See Doc. 59-2, Ex. H to Pl.'s Resp. to Defs.' Mot. for Summ. J. p. 24 of 29 (February, 26, 2013 Letter); Doc. 58-2, Ex. E to Pl.'s Resp. to Defs.' Mot. for Summ. J. p. 29 of 73 (Rejection of Feb. 11, 2013 Payment).

December 28, 2016, in state court against multiple parties and removed to this court on February 1, 2017.[14]  The second lawsuit was filed in state court against the Foreclosure Defendants, on February 27, 2019.  The same day, Plaintiff was granted a temporary restraining order that was to be effective until a hearing was held on her application for a temporary injunction.[15]  That lawsuit was removed to this court on March 4, 2019, and consolidated into the first lawsuit on March 25, 2019.[16]  Plaintiff's request for a temporary injunction is against only the Foreclosure Defendants.

## II.  Analysis

Against the Foreclosure Defendants Plaintiff alleges the following causes of action: (1) wrongful foreclosure; (2) usury; and (3) cloud on title & violation of Texas Civil Practices and Remedies Code Section 12.002 ("Section 12.002").[17]

On April 18, 2019, the court held a hearing on Plaintiff's application for a temporary injunction.  The hearing was attended by Plaintiff and an attorney representing the Foreclosure Defendants.  Plaintiff spent the majority of the hearing raising a new argument that the Deed, which transferred her title to the

---

[14]   See Doc. 1, Notice of Removal; Doc. 1-5, Ord. Dated Feb. 27, 2019 p. 2.

[15]   See Doc. 1-5 in 4:19-cv-00769, Ord. Dated Feb. 27, 2019 p. 2.

[16]   See Doc. 1, Notice of Removal in 4:19-cv-00769; Doc. 68, Ord. Dated Mar. 25, 2019.

[17]   See Doc. 1-4 in 4:19-cv-00769, Ex. C-1 to Notice of Removal, Pl.'s Orig. Pet. pp 3-5 of 53.

4

Property, was defective, and thus, the Deed of Trust giving the Foreclosure Defendants the right to foreclose was also defective. Plaintiff also sought to amend her petition to add her new claim and asked that a temporary restraining order be issued so that she could amend prior to the foreclosure scheduled in early May.

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

To secure a preliminary injunction Plaintiff must establish:

Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011)(quoting Byrum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009)). A preliminary injunction is "an extraordinary remedy, not available unless the plaintiff carries [her] burden of persuasion as to all of the four prerequisites." Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974).

**A.  Wrongful Foreclosure**

"The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Collins v. Bayview Loan Servicing, LLC, 416 S.W.3d 682, 687 n.7 (Tex. App.—Houston [14th Dist.] 2013, no pet.)(citing Anderson v. Baxter, Schwartz & Shapiro, LLP, Civ. Act. No. 14-11-00021-CV, 2012 WL 50622, at *3

(Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.)(mem. op.)). In Texas, "[b]ecause recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure." Smith v. J.P. Morgan Chase Bank N/A, Civ. Act. No. H-10-3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010)(citing Peterson v. Black, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998). Plaintiff has not lost possession of the Property. Accordingly, she has not shown a substantial likelihood of success on the merits of her wrongful foreclosure claim.

**B.   Usury**

"Generally, in order to prove usury, a party must establish the following three elements: (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the borrower's use of the money." Cooper v. Lyon Fin. Services, Inc., 65 S.W.3d 197, 206 (Tex. App.—Houston [14th Dist.] 2001, no pet.)(citing First Bank v. Tony's Tortilla Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994)). The third element of a usury claim requires that the plaintiff actually pay under the usurious rate. See Clawson v. Ocwen Loan Servicing, LLC, Civ. Act. No. 3:18-CV-00080, 2019 WL 1141526, at *3 (S.D. Tex. Feb. 21, 2019).

In her pleadings and at the hearing, Plaintiff has maintained that the September 6, 2018 notice of rescission of acceleration

6

shows that she has cured any and all defaults.[18] Plaintiff's position is that the Foreclosure Defendants are charging her a usurious rate by claiming that she owes over a quarter million dollars when she does not owe any amount because her defaults were cured.[19] The September 6, 2018 notice does not show that Plaintiff has cured any default and Plaintiff has not provided evidence of any payment made since February 2013.[20] The notice simply rescinded the acceleration of the Loan without waiving any remedies for Plaintiff's alleged defaults.[21]

Plaintiff has failed to show that she paid under a usurious rate or what that usurious rate was. Further, at the hearing, Plaintiff was unable to state what amount she believes she owes on the Loan and maintained the position that she does not owe anything. For these reasons, Plaintiff has not shown a substantial likelihood of success on the merits of her usury claim.

## C.   Cloud on Title & Section 12.002

In her cloud on title[22] and Section 12.002 claims, Plaintiff claims that the Foreclosure Defendants do not have a valid

---

[18]   See Doc. 1-4 in 4:19-cv-00769, Ex. 5 to Pl.'s Orig. Pet. p. 38 of 53 (Notice of Rescission of Acceleration).

[19]   See Doc. 1-4 in 4:19-cv-00769, Ex. C-1 to Notice of Removal in Docket 19-cv-00769, Pl.'s Orig. Pet. pp 4-5 of 53.

[20]   See Doc. 1-4 in 4:19-cv-00769, Ex. 5 to Pl.'s Orig. Pet. p. 38 of 53 (Notice of Rescission of Acceleration).

[21]   See id.

[22]   It is the court's understanding that Plaintiff's "cloud on title" claim is a suit to quiet title.

assignment of the Deed of Trust. Accordingly, Plaintiff alleges that the Foreclosure Defendants put a cloud on her title by filing an assignment of the Deed of Trust and violated Section 12.002 by establishing a lien on the Property pursuant to the invalid assignment.[23]

"[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." Reinagel v. Deutsche Bank Nat. Tr. Co., 735 F.3d 220, 228 (5th Cir. 2013). Plaintiff is not the assignor of the Deed of Trust. Thus, Plaintiff's claims that the Foreclosure Defendants lack standing to accelerate the Loan and foreclose on the Property are without merit.[24]

"A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld." Brock v. Mortgage Executives of Austin, Ltd, A-13-CA-094-SS, 2013 WL 12098740, at *3 (W.D. Tex. June 19, 2013), aff'd sub nom. Brock v. Bank of Am., N.A., 554 Fed. App'x. 321 (5th Cir. 2014)(unpublished). Plaintiff has possession of the Property and has not shown that she has a plausible chance of challenging MTGLQ's status as mortgagee.

---

[23] See Doc. 1-4 in 4:19-cv-00769, Ex. C-1 to Notice of Removal in Docket 19-cv-00769, Pl.'s Orig. Pet. p. 5 of 53.

[24] See id. p. 3 of 53.

A claim under Section 12.002 requires a plaintiff to prove that the defendants:

> (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

Golden v. Wells Fargo Bank, N.A., 557 Fed. App'x. 323, 326–27 (5th Cir. 2014)(unpublished))(internal quotation marks omitted)(citing Henning v. OneWest Bank FSB, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.)).  Here, Plaintiff has not met her burden to show that the Foreclosure Defendants have a fraudulent lien or that they know such lien is fraudulent.

In summation, Plaintiff has not persuaded the court that she has a substantial likelihood of prevailing at trial on any of her claims against the Foreclosure Defendants.  Accordingly, the court should not grant the extraordinary remedy of a temporary injunction against the Foreclosure Defendants.

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's request for a temporary injunction be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order

2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 25th day of April, 2019.

_____
U.S. MAGISTRATE JUDGE