# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA CAO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-321 |
| | § | |
| BSI FINANCIAL SERVICES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court are emergency objections to a memorandum and recommendation ("M&R") issued by the Magistrate Judge on April 24, 2019. Dkt. 88 (objections); Dkt. 86 (M&R). The time has not passed for all objections to be filed, so the court rules herein only on the emergency objections. The court has conducted a de novo review and finds that the objections should be OVERRULED.

Plaintiff Angela Cao seeks emergency relief regarding her objections because a foreclosure sale of the house she has resided in for the last twelve years in scheduled next week and the Magistrate Judge denied her request for an injunction. Dkt. 88. The Magistrate Judge found that there was not a substantial likelihood of prevailing at trial on any of Cao's claims against the defendants at issue here, and therefore denied the request for a temporary injunction. Dkt. 86. Cao asserts various objections to the Magistrate's findings, none of which change the outcome. First, she objects to the Magistrate Judge's statement that she "purchased" the house, since she actually only executed a purchase contract and the purchase is not complete until she pays the agreed purchase

price. Dkt. 88. This choice of terms is irrelevant to the outcome of the case, and the objection is OVERRULED.

Cao next objects to the Magistrate Judge's finding that she does not have standing to raise her cloud of title claims under *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Cao contends that *Reinagel* allows homeowners to challenge assignments that are void or absolutely invalid and that Texas courts allow a challenge to a chain of assignments by which a party claims the right to foreclose. Dkt. 88. All of the cases Cao cites relating to challenging a chain of assignment predate *Reinagel*. *See id.* The claim here is the type of claim addressed in *Reinagel*, and the Magistrate Judge was correct to find that there was not a substantial likelihood of success at trial on this claim.

Cao objects to the Magistrate's Judge's findings regarding her usury claim, alleging that the defendants "have concocted a scheme to steal equity by fraudulently charging fees, skimming Plaintiff's equity." Dkt. 88. She contends that she has provided "ample evidence including proof of payment for the months which Defendants are claiming that Plaintiff failed to pay," but the cited exhibit does not show any payments after 2012. *See* Dkt. 88, Ex. 6. The Magistrate Judge noted that, under Texas law, a plaintiff must have actually *paid* an *usurious rate* in order to assert a usury claim. *See* Dkt. 86 (citing Texas law). The Magistrate Judge found she had not provided any evidence of a payment made since February 2013. Dkt. 88. Cao still has not provided such evidence and therefore has not shown there is a substantial likelihood of success at trial on her usury claim.

The court can ascertain no other potentially viable objections in Cao's filing. The court has reviewed the record and finds that the Magistrate Judge correctly determined that there was not a substantial likelihood of success on the merits with regard to the claims at issue here. Accordingly, all of Cao's objections are OVERRULED.

Signed at Houston, Texas on May 3, 2019.

_____
Gray H. Miller
Senior United States District Judge