# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA CAO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-321 |
| | § | |
| BSI FINANCIAL SERVICES, INC., et al., | § | |
| Defendants. | § | |

## ORDER

Pending before the court are amended emergency objections to a memorandum and recommendation ("M&R") issued by the Magistrate Judge on April 24, 2019. Dkt. 90 (amended objections); Dkt. 86 (M&R). The court ruled on plaintiff Angela Cao's objections before her amended objections were entered into the court's electronic filing system. *See* Dkt. 91. This order supplements the order ruling on the original objections. The time has not passed for all objections to be filed, so the court rules herein only on the amended emergency objections. The court has conducted a de novo review and finds that the amended objections should be OVERRULED.

It appears that the amended objections add an additional argument related to defendant BSI Financial Services, Inc.'s notice of rescission sent in 2018. *Compare* Dkt. 88, *with* Dkt. 90. The notice rescinds a November 2016 acceleration. Dkt. 88, Ex. 7 (Dkt. 88-4). Cao appears to understand the notice of rescission as evidencing that her defaults were cured. Dkt. 90. However, the notice actually states that the note and deed of trust were in effect "in accordance with their original terms and conditions, as though no acceleration took place." Dkt. 88, Ex. 7. The Magistrate Judge explained what this means to Cao during the injunction hearing. *See* Dkt. 84 at 35–36 ("It didn't – it didn't say you didn't owe any money. It just was trying to let you – it's rescinding the acceleration so you can try to work it out.").

Cao argues in her amended objections that BSI could not abandon its acceleration without the agreement of both parties, citing *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The *Khan* court stated: "A note holder who exercises its option to accelerate may 'abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity.' . . . In addition, acceleration can be abandoned by agreement *or other action of the parties*. . . . Abandonment of acceleration has the effect of restoring the contract to its original condition, including restoring the note's original maturity date." 371 S.W.3d at 343 (emphasis added) (citation omitted). Thus, while certainly abandonment can be agreed upon by the parties, there are other ways in which acceleration may be abandoned. One of these ways is under Texas Civil Practices and Remedies Code section 16.038, which permits a lender to rescind acceleration by written notice of rescission via first class or certified mail. *See also Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (noting that section 16.038 "provides a specific mechanism by which a lender can waive its earlier acceleration" and can be "construed as a 'best practice' for a lender seeking to effectuate its abandonment"). As the Magistrate Judge noted in her M&R, the "notice simply rescinded the acceleration of the Loan without waiving any remedies for Plaintiff's alleged defaults." Dkt. 86.

As the court stated in its order regarding the original objections, Cao has not presented any arguments that demonstrate a substantial likelihood of success on the merits of her claims. The amended objections do not change this conclusion. Accordingly, her amended objections are OVERRULED.

Signed at Houston, Texas on May 8, 2019.

_____
Gray H. Miller
Senior United States District Judge

2