UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA CAO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 17-321 |
| § | |
| BSI FINANCIAL SERVICES *et al.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to reconsider filed by plaintiff Angela Cao. Dkt. 175. Cao seeks reconsideration of a memorandum opinion and order the court entered on September 17, 2020 (Dkt. 173). *Id.* In that order, the court adopted in part the Magistrate Judge's memorandum and recommendation ("M&R") and granted summary judgment in favor of the defendants. Dkt. 173. The court issued a final judgment on the same day. Dkt. 174. Cao seeks reconsideration under Federal Rule of Civil Procedure 59(e) (Dkt. 175); the defendants are, not surprisingly, opposed (Dkts. 176, 77). After considering the motion, responses, and applicable law, the court is of the opinion that the motion to reconsider its judgment should be DENIED.

**I. LEGAL STANDARD**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A motion to reconsider pursuant to Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) allows parties "to correct manifest errors of law or fact

or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

## II. ANALYSIS

Cao is a pro se litigant, and consequently both the Magistrate Judge and this court have given her significant leeway. *See Taylor v. Books a Million*, 296 F.3d 376, 378 (5th Cir. 2002) ("It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.). In her motion for reconsideration, Cao states that a "pro se homeowner to a mortgage foreclosure case may be the least desirable, irritating and tedious case for the Court to hear but Plaintiff is pleading for patience, for an opportunity and for consideration." Dkt. 175. The court assures Cao that her case has received more, not less, of the court's attention because she is pro se. Certainly, cases by pro se litigants often are more time consuming than cases involving litigants represented by seasoned attorneys, but it is the court's duty to fairly apply the law, and it always endeavors to ensure a just result no matter a party's circumstances.

### A. The Court Needed to Review the Evidence

In the court's order adopting, in part, the Magistrate Judge's M&R and granting summary judgment in favor of the defendants, the court adopted, in part, the Magistrate Judge's factual findings. Dkt. 173. Cao seems to object that in doing so the court took too close of a look at the record. *See* Dkt. 175. As noted in the order, the court reviewed the Magistrate Judge's factual findings, to which the parties did not object, for clear error. *See* Fed. R. Civ. P. 72 (Advisory

2

Committee Notes). It also examined evidence attached to Cao's third amended complaint as part of its de novo review of the motion for summary judgment on Cao's breach of contract claim, since the M&R specifically left that claim for this court to review. After this review, the court determined that part of the factual background set forth in the M&R was erroneous. *See* Dkt. 173. Cao characterizes this as the "Court mov[ing] sua sponte to modify the factual background in the M&R." Dkt. 175. However, what the court did was *review* the M&R prior to adopting and *review* the record evidence as part of its de novo review on the objected to legal conclusions,[1] as it is required to do. This review included looking at evidence in the record, including new evidence that had been added to the record—by Cao—since the last time this court had reviewed and adopted an M&R in this case. *See* Dkt. 173 (discussing Dkt. 106 (order adopting previous M&R), Dkt. 115 (third amended complaint, filed *after* previous M&R), and Dkt. 115, Ex. 3 (exhibit relied on by the court, which was cited by the parties in their briefing on the dispositive motions at issue)). This review was necessary for the court to have a clear view of the facts in this case so that it could apply the law to the facts.

### B. The Court Modified the Factual Findings, Not the Facts

In Cao's motion to reconsider, she takes issue with the court's review of the evidence by making statements such as: "the January 17, 2011 statement showing $366.35 for the 'Total Unpaid Late Fees' are now modified by the Court to represent, a 'fee transfer' for $287.97 from a previous servicer in 2010 and a January 2011 late fee for $78.38." Dkt. 175. However, the court

---

[1] The Magistrate Judge had invited Cao to show in her objection "a specific breach of contract action that isn't time-barred." Dkt. 160. However, in her objections, Cao merely conclusorily listed numerous alleged breaches occurring within the limitations period without stating which parts of the record support the allegations in the list. *See* Dkt. 166-1. The court needed to review of the evidence to determine if there were documents in the record that supported these allegations.

did not modify the facts—it modified the factual findings. The record demonstrates that the "fee transfer" was $287.97, that the January 2011 payment was late, and that $78.38 is an allowable late fee under the contracts. *See* Dkt. 173 (citing Dkt. 58-4 and Dkt. 115, Ex. 3). The court simply looked at the evidence, including the new evidence, all together so that it could determine if Cao had been overcharged during the limitations period as she alleged. The court found no evidence supporting Cao's assertions.

### C. Cao's Response to the Findings Does Not Change the Outcome

Cao contends that she relied on the "undisputed facts" from the previous M&R, which was adopted by this court. Dkt. 175. She asserts that the court erred by not giving her fair notice and an opportunity to respond to its "modifications." *Id.* She states that she "heavily relied on these undisputed facts and incorporated such into her [amended] complaint [and] motion." *Id.* She specifically takes issue with a finding that the $287.97 amount was a fee carried over from the previous servicer and not a late fee in excess of the fees the servicer was permitted to charge. She claims that a letter from March 27, 2012, relied on by the court directly contradicts all prior statements and the December 2010 restatement agreement from BSI, which "promised a full reinstatement upon payment and such payment was to be explicitly applied to cure all the alleged outstanding sums, defaults and expenses associated with the acceleration, as listed, which *included* attorneys' fees."[2] *Id.* She argues that the courts "modifications" did not change the "agreement"

---

[2] The "agreement" Cao cites is an email string from 2010. Dkt. 175, Ex. A. An email from a person at BSI Financial Services states that a full reinstatement of Cao's account to bring it out of foreclosure would require $13,777.72 *plus* attorney fees and costs. *Id.* The only seeming contradiction between the email and the letter upon which the court relied is the $287.97 amount. The email rolls the $287.97 into what the author of the email calls "late fees," and the letter relied upon by the court notes that the $287.97 amount was "a fee transferred from the previous server," which is differentiated from the late fees charged by BSI. *Compare* Dkt. 175, Ex. A (Dec. 23, 2010 "breakdown of what is due" from Stephanie Wolfkiel), *with* Dkt. 115, Ex. 3 (letter from BSI

4

to bring her account current and due for the January 2011 installment upon her payment. *Id.* She contends that all the unpaid late fees, attorneys' fees, and transfer fees were unauthorized. *Id.* These are not new arguments relying on new evidence, and they do not show that there is an issue of material fact that any of the defendants breached a contract within the limitations period.

The court went through what each of the fees represented after reviewing all of the evidence Cao provided, and it found no irregularities. Cao did not meet her burden of showing there is an issue of material fact for her claims, and she has presented nothing in her motion to reconsider that changes the court's findings. The court relied on evidence provided by Cao herself. While the court understands Cao is arguing that she did not have a chance to respond to these "modifications" before the court ruled, she has now responded, the court has considered these arguments, and her response does not change the outcome.

### D. The Court Has Already Addressed Cao's Statute of Limitations Arguments

Cao also argues that the court "erred by attempting to resurrect the statute of limitations defense on behalf of Defendants after their waiver" and "not allowing Plaintiff to respond and stating that Plaintiff raised a new or untimely argument on her objections." Dkt. 175. It is not altogether clear what Cao is arguing here; rather than recommending dismissal of Cao's breach of contract claim based on limitations, the Magistrate Judge allowed Cao to show a specific breach of contract that was not barred by limitations in her objections to the M&R. *See* Dkt. 160. Cao

---

clarifying what the amounts in dispute were and specifically breaking down what each fee Cao disputed was charged). Even if this amount were a late fee, it was from the previous servicer, and Cao has not shown it was in excess of the contractually allowed late fees. Additionally, Cao paid these amounts on January 5, 2011, and BSI Financial Services accepted the payment. *See* Dkt. 115, Ex. 3. As the Magistrate Judge noted, for Cao's breach of contract claim to survive, she needed to identify specific breaches that occurred *after* December 28, 2012, that caused separate legal injuries in order to assert a claim that occurred within the limitations period. *See* Dkt. 160 at 35.

argued in her briefing to the Magistrate Judge that the statute should be tolled due to fraudulent concealment and estoppel, and she reasserted these arguments in her objections to the M&R. The court overruled her objections on these arguments. Dkt. 173. Cao has presented nothing in her instant motion that justifies reconsidering this holding.

### E. The Court Must Be Fair to All Parties

Cao has filed a lot of briefing in this case and many unorganized documents. *See, e.g.*, Dkts. 140, 143, 144, 152, 158, 166, 172 & Exs. While Cao is pro se and the court therefore gives her substantial leeway, she has the burden of showing that there is an issue of material fact for trial. *Taylor*, 296 F.3d at 378 (noting that even for pro se plaintiffs "conclusory allegations masquerading as factual conclusions will not suffice" (quotations and citations omitted)). No issue of material fact supported by evidence is presented in her briefing on the original motions, her objections, or her motion to reconsider. It would be unfair to the opposing parties to allow Cao to proceed when there is no issue of material fact simply because Cao is pro se. Moreover, it would be a tremendous waste of judicial resources.

### III. CONCLUSION

Because, notwithstanding the leeway the court has afforded Cao as a pro se litigant, she cannot show there is an issue of material fact supporting her claims, her motion seeking reconsideration of the court's judgment is **DENIED**.

Signed at Houston, Texas on January 8, 2021.

_____
Gray H. Miller
Senior United States District Judge